MORIAL, Judge.
Defendant, Lewis C. Morgan, appeals from a district court judgment awarding plaintiff, Eudora A. Baessler, the sum of $4,000 for personal injuries suffered as a result of an automobile accident.
On February 2, 1973 plaintiff’s vehicle was struck from behind by a station wagon being driven by defendant. Upon inspection after the accident, it was noted that damage to plaintiff’s vehicle was minimal; however, plaintiff subsequently developed *215 pains in her right upper arm and shoulder and neck. On January 31, 1974 plaintiff filed suit against defendant. After trial on the merits, the district court awarded plaintiff $4,000 in general damages. Defendant appeals. Plaintiff answers the appeal asking that the judgment he increased to $15,000. We affirm.
Defendant does not contest the trial court’s finding of negligence. Defendant’s appeal is directed primarily to the issues of whether the trial court erred in finding a causal connection between plaintiff’s injuries and the collision and quantum. We see no merit to either contention.
The trial court, in reviewing the evidence with respect to plaintiff’s injury, stated:
“. . . the Plaintiff maintains that she has had complaints of pain since this accident and it has been in the area of the right side of her neck and shoulder and she has had the inability to raise her right arm up behind her back; she has been treated by physicians over an extended period of time. The facts reflect that less than two months before the accident, which was involved in this case, the Plaintiff was treated with injections into the right shoulder and that she had suffered from pain in her hack and had been treated for it prior to this accident. The facts also reflect that she had also been treated prior to this accident on at least one occasion, for aching neck muscles, and that on December 27, 1972, she was treated for pain in the right shoulder, including tendinitis. In addition, after the accident, the Plaintiff has suffered a fracture of the right elbow and was treated for a period of time in connection with that. Further, at the present time, she is being treated for a condition in her left shoulder, which is somewhat similar to the complaints set forth in her right shoulder.
In spite of this fact, this Court feels that the Plaintiff has suffered injury as a result of this accident. Dr. Williams testified that in his opinion, the plaintiff’s complaints at the present time, in connection with the right shoulder, are re-ferrable to the accident in this case.”
After careful scrutinization, we find the trial judge’s statements and conclusions of fact to be fully supported by the record.
The court was obviously impressed by the testimony of Dr. James Williams, the orthopedic surgeon who treated plaintiff. Dr. Williams first saw plaintiff on February 9, 1973, approximately one week after the accident. On examination, plaintiff indicated complaints of pain in the right side of her neck, radiating into the right shoulder and into her right arm and forearm on forward flexion of her head to the right side. Dr. Williams prescribed physical therapy treatments and noted that the neck symptoms subsided after several weeks. Her shoulder complaints though persisted and as of January 7, 1975 she still had feelings of stiffness and occasional aching in the right shoulder, and complaints of pain in doing her work and lifting. He concluded that plaintiff had a 10-20 degree limitation of motion on internal rotation of her shoulder and that in his opinion plaintiff’s complaints were related to the automobile accident. Based upon the fact that Dr. Williams was aware of plaintiff’s other physical problems, and had even treated her for some of them, we cannot say that the trial court’s reliance upon his opinion in reaching its determination of liability is manifestly erroneous. The record is devoid of any evidence which preponderates in favor of the conclusion that plaintiff’s injuries and complaints are unrelated to the accident.
We turn now to quantum. Plaintiff alleges that she is presently suffering and will continue to suffer from this accident and that the trial court’s award of $4,000 is wholly inadequate. She asserts that since the accident, in addition to experiencing continuous pain, her sister has had to assist her in dressing, she has been *216 unable to perform many duties generally required of a registered nurse, she can no longer do housework or gardening and she cannot lift heavy objects. Defendant, on the other hand, asserts that plaintiff’s complaints are due primarily to her non-collision related problems (tendinitis and a fractured right elbow, among others) and that the general damage award is excessive.
As indicated by his reasons for judgment, the trial judge was well aware of the difficulty in assessing quantum in this case. After taking all facts into consideration, he arrived at the sum of $4,000 as represent a fair award. Upon the record before us, we cannot say that this indicates an abuse of the “much discretion” he has in a matter such as this.
The judgment of the trial court is affirmed.

AFFIRMED.